## POEHLER *v.* STATE OF INDIANA.

[No. 24,416.   Filed February 5, 1924.]

1. CRIMINAL LAW.—*Briefs.*—*Rules of Court.*—A brief for appellant which does not contain any statement of the evidence, or any points in support of the error assigned, that the finding of the court is contrary to law and not sustained by sufficient evidence, does not comply with Supreme Court Rule 22, clause 5, requiring a condensed recital of the evidence to sustain such assigned error.  p. 208.

2. CRIMINAL LAW.— *Objections to Evidence.*— *Motion for New Trial.*—*Appeal.*—In order to present upon appeal the question of the introduction of incompetent evidence at the trial, the alleged error of the trial court in excluding or admitting the evidence must be presented to the trial court by motion for new trial, in accordance with §2158, cl. 7, Burns 1914, Acts 1905 p. 584, §282.  p. 208.

3. CRIMINAL LAW.—*Briefs.*—*Must Present Errors.*—Errors assigned on appeal must be presented by the briefs.  p. 208.

From Marion Criminal Court (54,294); *James A. Collins,* Judge.

Edward C. Poehler was convicted of a violation of the prohibition law, and he appeals.  *Affirmed.*

*Jones & Updike* and *Thomas C. Whallon,* for the ap-appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant appeals from the judgment against him, imposing a fine and imprisonment, upon a finding of guilty, for having violated the Prohibition Law, and assigns as error the overruling of his motion for a new trial, for the reason that the finding of the court is contrary to law and not sustained by sufficient evidence.

Appellant's brief does not "contain a condensed recital of the evidence in narrative form so as to pre-

sent the substance clearly or concisely," or any 1, 2. statement of the evidence whatever; and his brief does not contain any points in support of the error assigned (Supreme Court Rule 22, clause 5). Appellant's entire brief, as summed up in its final paragraph, is addressed to the proposition that the liquor which was introduced in evidence, as well as testimony of the officers in relation thereto, was procured and obtained in the execution of an alleged invalid search warrant. It is clear that the causes for the new trial do not present the question discussed by the brief. Neither does the brief disclose that objection was made upon the trial to the introduction of the evidence. In order to present upon appeal the question of the introduction of incompetent evidence at the trial, the alleged error of the trial court in excluding or admitting the evidence must be presented to the trial court by motion for a new trial. §2158, cl. 7, Burns 1914, Acts 1905 p. 584, §282.

The office of the motion for a new trial is to present to the trial court alleged errors of law committed in the trial, and only such alleged errors as were thus presented to the trial court can be available upon appeal. *Hougland* v. *State, ex rel.* (1873), 43 Ind. 537; *Rosenbaum* v. *McThomas* (1870), 34 Ind. 331; *State, ex rel.,* v. *Manly* (1860), 15 Ind. 8; 3 C. J. §881, p. 976.

Unless the motion for a new trial assigns rulings on the evidence as error, such alleged error will not be considered on appeal. *Brunaugh* v. *State* (1910), 173 Ind. 483; *Simplex, etc., Appliance Co.* v. *Western, etc., Belting Co.* (1909), 173 Ind. 1, 8.

The errors assigned do not present the alleged 3. errors complained of in the brief, for which reason the judgment must be affirmed.

Judgment affirmed.