SMITH *v.* STATE OF INDIANA.

[No. 29,849. Filed March 9, 1961. Rehearing denied April 26, 1961.]

*Robert M. Brown* and *Charles S. Brown, Jr.,* both of New Castle, for appellant.

*Edwin K. Steers,* Attorney General, *Patrick D. Sullivan,* and *William D. Ruckelshaus,* Deputy Attorneys General, for appellee.

BOBBITT, C. J.—Appellant was charged by affidavit under Acts 1929, ch. 54, §3, p. 136, being §10-4710, Burns' 1956 Replacement, with the crime of automobile banditry, tried by jury, found guilty as charged, and sentenced to the Indiana State Prison for a term of ten years.

Counsel for appellant, in oral argument, waived all questions discussed in the argument section of appellant's brief except the overruling of his motion to quash the affidavit and the introduction into evidence, over his timely objection, of a certain gun, holster and clip.

*First:* Appellant asserts that the trial court erred in overruling his motion to quash because the affidavit did not state whether the Budget Loan Company, from whom the money was allegedly stolen, was an individual partnership or corporation.

The affidavit alleges in part here relevant that appellant did "unlawfully feloniously, and forcibly, and by violence and putting Howard Smith in fear, rob, take, and steal from the person and possession of the said Howard Smith, Manager of the Budget Loan Company, 1557 Broad Street, New Castle, Indiana three hundred eighty-nine dollars and sixty cents ($389.60) of lawful money of the United States, all then and there belonging to the said Budget Loan Company."

The common law rule requiring great particularity in the description of persons or associations alleged to be the owners of property has long been relaxed in Indiana. The failure of the affidavit herein to allege specifically that the Budget Loan Company was a corporation, partnership, or other legal entity, does not render it subject to a motion to quash. *Davis* v. *State* (1925), 196 Ind. 213, 218, 219, 147 N. E.

766; *Schuble* v. *State* (1948), 226 Ind. 299, 305-308, 79 N. E. 2d 647; *Rhoades* v. *State* (1946), 224 Ind. 569, 573, 70 N. E. 2d 27; *Welch* v. *State* (1924), 195 Ind. 87, 89, 143 N. E. 354.

*Second:* Appellant further asserts that the trial court erred in admitting into evidence, over his timely objection, a gun, holster and clip because they were not properly identified with the crime allegedly committed.

The record discloses that the person at the scene of the crime, and later identified as appellant, carried a gun of the same general type during the commission of the robbery; that the police officers obtained the gun, clip and holster from appellant's jacket, hanging in a closet in his home, after he had told them where to find it, and that appellant admitted it was his gun and holster but denied using it in the robbery.

Positive proof of identity is not required here and in our judgment the evidence is sufficient to justify the admission of the gun, holster and clip into evidence in this case, and the trial court properly admitted them. *Hall* v. *State* (1928), 199 Ind. 592, 612, 613, 159 N. E. 420; *Berry* v. *State* (1919), 188 Ind. 102, 111, 112, 122 N. E. 324.

Appellant having failed to discharge his burden of showing reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Landis, Achor and Arterburn, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 172 N. E. 2d 673.