DIXON *v.* STATE OF INDIANA.

[No. 30,259. Filed April 24, 1963.]

William A. Freihofer, of Indianapolis, for appellant.

Edwin K. Steers, Attorney General, and Frederick J. Graf, Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was charged by affidavit with the crime of first degree burglary. He was found guilty of the lesser offense of breaking and entering with intent to commit a felony, and sentenced to the Indiana State Prison for not less than one nor more than ten years. This appeal followed. Two errors are assigned and here argued for reversal:

1. That the trial court erred in admitting into the evidence a shotgun which appellant asserts was not properly identified.

2. That the shotgun had no probative value in establishing the elements of the alleged crime; therefore, that its admission into evidence was prejudicial to the appellant.

The following is a concise statement of the evidence in the case, necessary to an understanding of the issues presented. Russell Wolf left his home in Indianapolis on August 10, 1958 for a vacation trip to Colorado. On the night of August 10, the appellant entered the Wolf dwelling house by breaking in the basement window at the rear "to see what he could

find" and "to make the joint." Thereafter he called someone and was waiting for them to pick him up. Obviously they did not come. "He stayed in too long and it got daylight, so he was going to try to wait till nighttime to leave."

Shortly after noon, on August 11, a neighbor, who had agreed to look out for the place in the owner's absence, noticed that the front door was open. She called the police, who entered the house and found it "in almost complete shambles." The appellant was in the bedroom lying across the bed with a loaded shotgun in his hand. An officer took the gun from the appellant and identified it by scratching "a small triangular mark to the right rear of the receiver." Several items of property was stacked in the livingroom by the front door, including a portable sewing machine, an adding machine and a couple electric razors which were in a suitcase.

We now proceed to consider appellant's first contention that the court erred in admitting the shotgun into evidence as an exhibit, without it first being properly identified. Appellant objected to the admission of the gun in evidence on the ground that it was not identified with the initials of the police officer, that it did not bear the date that it was received by him, and that the identifying mark could have been made by some other causation.[1] Appellant's contention is without merit for several reasons. First, because he permitted the police officer to identify the exhibit from the marking placed

---

1. In his brief, appellant argues at length that the authentication of the exhibit was incomplete because its custody was not traced from the time of the appellant's arrest until the time of the trial. This was not made the basis of the objection in the tiral court and, therefore, cannot be considered by this court on appeal.

thereon without objection, before offering it in evidence as an exhibit and, secondly, for the reason that, because of the very nature of the exhibit and the manner in which it was marked for authentication, there is a strong presumption that it was the identical gun taken from the appellant at the time of his arrest. Under these circumstances the admission of the exhibit into evidence was a matter within the discretion of the trial court, who obviously believed that the marking on the gun was sufficient to authenticate it. Positive proof of authentication is not required. *Smith* v. *State* (1961), 241 Ind. 598, 172 N. E. 2d 673. However, the weight of an exhibit as evidence is always a question for the determination of a jury.

Next, we consider appellant's contention that the shotgun had no probative value in establishing the elements of the alleged crime, and, therefore, that its admission into evidence constituted prejudicial error. This contention is also without merit. Without considering the question as to whether the exhibit was admissible as a part of the res gestae, we observe that according to the evidence appellant entered the house by breaking in the rear basement window to see what he could find and "to make the joint." When appellant was encountered in the house it was ransacked, several valuable items of property were stacked on the living room floor by the front door, and appellant was holding in his hand a shotgun which was the property of the owner of the house. This asportation of the gun by the appellant made its admission in evidence of probative value, for the purpose of establishing that the intent with which appellant entered the house was consummated, in part, by his taking the gun into his possession. *Herriman et al.* v. *State* (1963), 243 Ind. 528, 188 N. E. 2d

272; *Warnke* v. *State* (1929), 89 Ind. App. 683, 52
C. J. S. *Larceny*, §6, p. 802.

Judgment is, therefore, affirmed.

Arterburn, Landis and Myers, JJ., concur.

Jackson, C. J., concurs in the result.

NOTE.—Reported in 189 N. E. 2d 715.