## WOODS v. STATE OF INDIANA.

[No. 30,512. Filed May 18, 1967]

*Don R. Money,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Edwin K. Steers,* Former Attorney General, and *Edgar S. Husted,* Deputy Attorney General, for appellee.

MYERS, J.—The defendant in this case was charged with and convicted of murder in the perpetration of a crime, to-

wit: robbery, and was sentenced to life imprisonment. In addition he was indicted on a charge of first-degree murder; to both crimes a plea of not guilty was entered.

Subsequent to the conviction a motion for a new trial was filed and overruled. The defendant now appeals to this Court praying that the judgment be reversed.

The principal ground for this appeal seems to be insufficiency of the evidence. It is maintained that the evidence was wholly circumstantial and partially inadmissible. A brief review of the evidence is made here in order that this issue be more clearly resolved. Testimony of witnesses puts the defendant at the scene of the crime, at Indianapolis, Indiana, on or about February 17, 1962. The testimony of one Laverne Harris states that she saw the defendant and the victim together in the street at the proximity of the murder shortly before the time of death as fixed by the coroner. Laverne Harris picked the defendant out of a line-up stating, "Put a band-aid on him and that's the man." While the wearing of the band-aid is denied by the defendant, it is substantiated by the testimony of other witnesses. In addition, the defendant had in his possession the morning after the crime the victim's purse and a blood-stained sweat shirt, the blood being the same type as that of the victim. The sweat shirt was produced by the defendant at the request of the police.

Supplementary to the above evidence is the defendant's signed confession. It is corroborated extensively by other testimony. This confession contains a declaration that it was not coerced or induced. Such coercion and/or inducement is raised on appeal, but is not substantiated.

In dealing with the evidence, the admissibility of it must be considered. If admissibility of evidence is to be raised on appeal, it must be done within the statute as it is not a common law remedy. The pertinent statute is Burns' § 9-1903, Clause 7, Error of Law.

"In order to present upon appeal the question of the introduction of incompetent evidence at the trial, the alleged error must be presented to the trial court by motion for a new trial." *Poehler* v. *State* (1924), 194 Ind. 207, 208; 142 N. E. 410.

This was not done in his motion to the trial court, nor in his motion to this Court. Such error is in violation of the statute cited and Supreme Court Rule 2-6.

Notwithstanding this procedural defect, and moving to the substantive matter raised, it is not for this Court to weigh the evidence unless there is none of probative value. The trial court had all of these issues before them and decided that the evidence was sufficient and that the confession was not induced or coerced. *Kleespies* v. *State* (1885), 106 Ind. 383, 7 N. E. 186; *Hiatt* v. *State* (1920), 189 Ind. 524, 127 N. E. 277; *Pendleton* v. *State* (1959), 239 Ind. 341, 156 N. E. 2d 782.

Competent evidence of probative value was presented at the trial level in the rendering of the verdict of guilty. Such verdict was not contrary to law and is affirmed.

Arterburn, C. J., and Hunter and Mote, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 226 N. E. 2d 326.