SPEARS *v.* STATE OF INDIANA.

[No. 969-S-207. Filed January 14, 1970. Rehearing denied February 24, 1970.]

*William B. Miller, Jacob S. Miller,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

HUNTER, C.J.—Appellant was charged by affidavit with entering a telephone booth to commit a felony. Upon his plea of not guilty, trial was had before the Marion Criminal Court, Division Two. A finding of guilty resulted in sentencing of appellant to the Indiana State Prison for not less than one (1) nor more than ten (10) years.

The only assignment of error is that the trial court overruled appellant's motion for new trial. In said motion it is urged that the verdict of the trial court was not sustained by sufficient evidence and is contrary to law. Those points raised in the accompanying memorandum, argued by appellant in his brief, assert the proposition that there was insufficient evidence to identify appellant as the perpetrator of the crime charged, and that taken as a whole, the evidence was insufficient to prove appellant committed the crime.

The evidence most favorable to the state and all reasonable inferences to be drawn therefrom are as follows. At approximately five A.M. on July 1, 1968, one Tennie Runner looked out of the window of her home and observed appellant approach and enter a telephone booth located near the Runner home. According to Mrs. Runner, appellant did not use the phone. She testified that he appeared to be looking at his hands; also he kept glancing up and down the street. Later she observed appellant leave the area in the company of a woman whom she was unable to identify.

Her suspicions aroused, Mrs. Runner called the police, who upon investigation found that the telephone had been broken into and the change removed. At approximately 5:30 A.M. police apprehended a woman about a block away from the phone booth. A search of her purse disclosed about seventy dollars in change and various items which have been known to be used in the robbery of pay telephones. This woman later proved to be the sister-in-law of appellant.

The appellee state argues that appellant's identification in addition to circumstantial evidence presented at trial is sufficient to sustain the conviction. Specifically, appellee points out that: (1) appellant was seen to approach and leave the telephone booth in the presence of a woman; (2) one half hour later, appellant's sister-in-law was arrested one block away from that booth, her purse containing burglar tools and seventy dollars in nickels, dimes and quarters; (3) the phone booth was examined and found to have been burglarized; (4) the arresting officer stopped appellant's sister-in-law because he had information that a phone booth had been burglarized; (5) appellant's sister-in-law admitted having been in the company of a man but refused to identify him; (6) appellant, although denying that he had been with his sister-in-law that morning, gave no explanation of his whereabouts.

As appellant points out, items two, four and five are circumstantial evidence which the state failed to connect with this appellant. The only evidence directly bearing on appellant's guilt is that he was seen in a telephone booth, later discovered to have been burglarized (although the exact time of the burglary was not established). He also was accompanied by a woman who was not identified.

This court will readily concede that the inferences to be drawn from the evidence as disclosed *might* lead one to suspect that appellant committed the crime. A burglary was committed. Appellant was seen in the vicinity just prior to the discovery of the crime. Also, the fact that the woman subsequently apprehended was found to have a considerable amount of change and burglary tools in her possession and turned out to be his sister-in-law certainly raises a suspicion of guilt. However, this court does not deal in conjecture. Guilt must be proved beyond a reasonable doubt and no other standard of proof will be accepted. Where the evidence merely tends to support a conclusion of guilt it is not enough; such a conclusion must be supported by the evidence beyond a reasonable doubt. *Gaddis* v. *State* (1969), 253 Ind. 73, 251 N. E.

2d 658. *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874.

We hold that as a matter of law the evidence in this case is insufficient to establish appellant's guilt. Judgment must therefore be reversed.

Judgment reversed.

DeBruler, Givan and Jackson, JJ., Concur. Arterburn, J., Dissents.

NOTE.—Reported in 254 N. E. 2d 203.