SEATS v. STATE OF INDIANA.

[No. 1168S185. Filed July 30, 1970. No petition for rehearing filed.]

458

*Gil I. Berry, Jr.*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Curtis C. Plopper*, Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit, signed by Donald Okey and filed April 25, 1968, with the crime of robbery by putting in fear. The affidavit omitting formal parts, signatures, and jurat, reads in pertinent part as follows:

> "That HARRIETT MARIE CURETON, CAROL HENDERSON, MARTIN H. SEATS, and JAMES W. WILLIAMS, on or about the 22nd day of April, 1968, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting GARY STAHL in fear, take from the person and possession of the said GARY STAHL, money then and there of the value of ONE HUNDRED SEVEN DOLLARS and EIGHTY EIGHT CENTS ($107.88) in lawful money, which property the said GARY STAHL then and there lawfully held in his possession and was then and there the property

of CENTURY OIL COMPANY, INC., a corporation, then and there being contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana."

Appellant waived arraignment on the above charge and entered a plea of not guilty. On August 5, 1968, appellant waived trial by jury and the cause was submitted to the court for trial. The court found appellant guilty and, thereupon, ordered a pre-sentence investigation made by the probation department for said county. Sentencing was set for August 23, 1968, and on said date the court sentenced appellant to the Indiana Reformatory for a period of not less than ten nor more than 25 years, disfranchised him, and rendered him incapable of holding any office of trust or profit for a period of ten years.

A motion for new trial was filed by appellant August 23, 1968, such motion, omitting formal parts and signatures, reads in pertinent part as follows:

"Comes now the defendant, Martin H. Seats, by counsel and moves the Court for a new trial in said cause for the following:

1. That the finding of the Court is not sustained by sufficient evidence.

2. That the finding of the Court is contrary to law.

WHEREFORE, defendant prays by way of the aforementioned grounds that the Court grant him a new trial and for all other relief just and proper in the premises.

### MEMORANDUM

Defendant respectfully submits that there was insufficient evidence upon which to base a finding of guilty."

Thereafter, appellant's Motion For New Trial was over ruled. His sole Assignment of Error on appeal is that: "1. The Court erred in overruling Appellant's motion for new trial."

From the evidence adduced at trial it appears that at approximately 4:00 a.m. on the morning of April 22, 1968, the appellant entered the filling station where one Gary Stahl was employed as an attendant and started a conversation concern-

ing a particular type of beverage, continuing the same for approximately five (5) minutes. Appellant then turned from the attendant and walked out of the station. Immediately upon the appellant turning and walking away from the attendant, another man approached the said Gary Stahl from the rear with a gun and took from him $107.88. At 4:08 a.m. on the same date appellant was arrested by Irvin Wuttke, a Marion County Deputy Sheriff, who stopped the red 1965 Pontiac automobile in which appellant was riding, on information and belief that he had committed a felony. Gary Stahl was brought to the scene of the arrest by the Sheriff's Department and there identified the appellant as being at the service station earlier. At the same time Stahl also identified the hold-up man who was then in the presence of the appellant. Appellant requested that he have the assistance of counsel at the scene of his arrest and subsequent "show-up" but none was provided prior to the identification by Stahl.

On appeal appellant argues that there was insufficient evidence of probative value introduced below upon which his conviction could be sustained, and that he was denied his constitutional right to the effective assistance of counsel at the time the complaining witness was brought to the scene of appellant's arrest and there identified him in the presence of the "hold-up man." The appellee claims that the issues raised by this latter argument are not properly before this Court. It contends that since the appellant failed to: (a) properly object during the trial to the testimony then being taken from the arresting officers, (b) move to strike their testimony from the record, and (c) mention this ground as assigned error in his motion for new trial, he cannot now present the question on appeal. Appellee's point is well taken. In *Fletcher* v. *State* (1961), 241 Ind. 409, 172 N. E. 2d 853, this Court stated:

"Further, the record reveals that no objection was made prior to the objectionable testimony, and no motion to strike was made. Therefore, no error is reserved as to the admis-

sion of the testimony. *Beeler* v. *State* (1951), 230 Ind. 444, 104 N. E. 2d 744."

Likewise, in *Woods* v. *State* (1967), 248 Ind. 256, 226 N.. E. 2d 326, this Court held that:

> "In order to present upon an appeal the question of the introduction of incompetent evidence at the trial, the alleged error * * * must be presented to the trial court by motion for new trial. *Poehler* v. *State* (1924), 194 Ind. 207, 142 N. E. 140."

Therefore, since appellant failed to object during the course of the trial to the admission of the testimony given by the arresting officers, failed to move to strike said testimony, and failed to include in his motion for new trial or the attached memorandum the allegation that the trial court erred in admitting certain evidence arrived at in violation of his constitutional guarantees, this specification of error cannot now be considered by this Court.

Consequently, we are left with appellant's initial argument that the evidence introduced before the trial court is insufficient to sustain his conviction for the crime as charged and that, therefore, said conviction should be reversed. Although the affidavit charged appellant as a principal with the crime of robbery, it was the theory of the prosecution that he was an accessory under Burns Ann. Stat. § 9-102 which provides:

> "Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed may be charged by indictment or affidavit, tried and convicted in the same manner as if he were a principal * * * and upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

Therefore, under its theory of the case, it was incumbent upon the State to prove that the appellant was actually aiding or abetting in the commission of the crime in question.

This Court has stated on numerous occasions that whenever the sufficiency of the evidence is raised as an issue on appeal it will consider only that evidence which is most favorable to the State together with all logical and reasonable inferences to be drawn therefrom. *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514; *Croney* v. *State* (1969), 252 Ind. 319, 247 N. E. 2d 501; *Wagner* v. *State* (1963), 243 Ind. 570, 188 N. E. 2d 914. And that a conviction will be sustained if there is any evidence of the facts essential to support the judgment. *Majko* v. *State* (1965), 246 Ind. 506, 207 N. E. 2d 212.

Notwithstanding the principles laid down by the above cited cases, this Court has set forth the standard by which we review the evidence to determine the sufficiency thereof when challenged on appeal.

"In considering the standard by which we review the evidence where it is challenged as insufficient to sustain a verdict or finding, this court has often said there must be substantial evidence of probative value before we can decide an accused has been proved guilty beyond a reasonable doubt. This last rule places the evidence before the court on appeal, not for the purpose of weighing it, or for the purpose of determining the facts when there is actual conflict, but for the purpose of deciding, as a question of law, whether or not there is substantive evidence in support of the required material facts essential to a conviction * * *'." *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641.

To sustain its contention that appellant was acting as a decoy in order to distract the complainant's attention thereby allowing the alleged hold-up man the opportunity to position himself so as to effectuate his crime, the State relies heavily on the case of *Cotton* v. *State* (1965), 247 Ind. 56, 211 N. E. 2d 158, wherein this Court stated:

"Appellant argues that proof of his presence at the scene of the crime is not sufficient evidence to convict him of participation in the crime * * *. Unquestionably, this is the general rule. However, the trier of facts may consider such presence in connection with other circumstances in

determining the guilt of the party involved. Even if there were no active participation in the commission of the crime, failure to oppose it at the time, companionship with another engaged therein, and a course of conduct before and after the offense are such circumstances as may be considered in determining whether aiding or abetting may be inferred * * *."

In reviewing the entire record of the case at bar, we are of the opinion the actions of the appellant can under no stretch of the imagination bring him within the scope of such language so as to render him guilty of participation in the commission of the crime as charged.

Regardless of the language in the case of *Cotton* v. *State, supra,* in order for the conviction to stand it was and is incumbent on the State to prove the defendant's guilt beyond a reasonable doubt. *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27.

The only evidence offered by the State to prove the charges against the appellant was that he was present in the service station immediately prior to the commission of the robbery and that subsequently thereafter he was arrested while in the presence of the perpetrator of said crime. The evidence was, therefore, circumstantial requiring the trier of fact to infer from the circumstances that appellant was indeed a participant in the robbery.

In *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6, this Court said:

"Where the evidence of an issuable fact is wholly circumstantial in nature the evidence must be so conclusive and compelling in character that it excludes every reasonable hypothesis of the assumption of innocence of the defendant."

In *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874, this Court stated that:

"Thus it is clear that where the evidence is wholly circumstantial and fails to exclude every reasonable hypothesis of innocence such evidence is not sufficiently persuasive to

allow a reasonable man to find the accused guilty beyond a reasonable doubt and such a finding of guilty cannot stand."

Therefore, since the evidence in the case at bar is wholly circumstantial, it is our duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence of the appellant.

With respect to his actions immediately prior to the commission of the robbery, there is absolutely no evidence present in the record that appellant signaled, spoke to, or in any manner communicated with the alleged hold-up man, nor that he (appellant) in any way acquiesced in the commission of the crime. In fact, there was nothing to show that appellant even knew that a robbery was about to take place.

The complainant testified that appellant walked into and out of the station. Nothing was said with respect to the automobile in which appellant was riding shortly after the robbery. There was no evidence that appellant was seen driving said car or that he in any other manner aided in the felon's escape. When he was searched subsequent to his arrest, the only articles found on his person were small amounts of change. And when the complainant was brought to the scene of appellant's arrest the most that he could swear to was that appellant had been present at the station a short time earlier. The State's evidence at most tends to establish merely a suspicion of guilt. This is not enough. *Crawford* v. *State* (1968), 251 Ind. 437, 241 N. E. 2d 795; *Robertson* v. *State* (1952), 231 Ind. 368, 108 N. E. 2d 711; *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922.

We cannot, therefore, say that the circumstantial evidence is "* * * so conclusive and compelling in character that it excludes every reasonable hypothesis of the assumption of innocence of the defendant." *Easton* v. *State, supra.* Indeed a very reasonable hypothesis which may be drawn from the evidence is that appellant merely went to the service station to buy a soft drink and later hitched a ride

with someone whom he subsequently discovered had committed a felony shortly before their meeting. Thus, applying the rule of law set out in *Manlove* v. *State, supra,* the "* * * evidence is not sufficiently persuasive to allow a reasonable man to find the accused guilty beyond a reasonable doubt and such finding of guilty cannot stand."

There is a total lack of sufficient evidence of probative value to sustain the conviction of the appellant.

The judgment of the trial court is reversed, and this cause is remanded to the trial court with instructions to grant the appellant's motion for new trial.

Arterburn and Givan, JJ., concur; DeBruler, J., concurs in result; Hunter, C.J., dissents.

NOTE.—Reported in 260 N. E. 2d 796.