JAMES ROSE *v.* STATE OF INDIANA.

[No. 571S136. Filed April 25, 1972. Rehearing denied July 6, 1972.]

*Gil I. Berry, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by James Rose from a judgment in the Jasper Circuit Court convicting him of the crime of unlawful possession of marijuana. Appellant waived a jury trial, and the cause was tried on November 27, 1970 before the Honorable Robert B. Wright, Judge. Upon conviction, appellant was sentenced to the Indiana State Farm for a period of ninety (90) days.

On appeal, the appellant makes the following allegations of error:

1. That the evidence is insufficient to sustain the conviction.
2. That the finding of the court is contrary to law.
3. That certain of the State's exhibits were erroneously admitted into evidence.

Appellant's first and second contentions are similar in nature and will be considered together. When reviewing for the sufficiency of the evidence, this Court will neither weigh the evidence nor determine the credibility of witnesses. Only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered on appeal. If there is substantial evidence of probative value sufficient to establish every element of the crime beyond a reasonable doubt, the judgment of the trial court will not be disturbed. See, *Valentine* v. *State* (1971), 257 Ind. 197, 273 N. E. 2d 543; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N. E. 2d 609; *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N. E. 2d 728.

Viewed in the light most favorable to the State the record reveals that on the morning of September 14, 1969, the appellant and his cousin, Sonnie Hammond, were observed walking along a ditch in a bean field in Newton County. Robert Prohosky, the owner of the farm, immediately telephoned the

Sheriff in Kentland, Indiana, as he was aware of the fact that marijuana frequently grew wild in various areas about his farm. Upon receiving the call, the Sheriff, Charles P. Mullen, proceeded to drive to Prohosky's home. Prohosky then accompanied the Sheriff, directing him to the place where he had earlier observed the two boys. As Prohosky and Mullen approached the field, the appellant and his cousin were observed sitting upon some sacks in the field "stripping" marijuana. Immediately in front of the two boys was what appeared to be a freshly harvested pile of marijuana. Sheriff Mullen testified that he drove his police car to within thirty or forty yards from the boys before they became aware of his presence. The pair immediately fled, but they returned when the Sheriff fired his pistol into the air and ordered them to halt. In the immediate area, in addition to the pile of marijuana, the Sheriff found two machetes and some plastic bags. Appellant and his cousin were placed under arrest and taken to jail. Samples of the vegetation were sent to the Indiana State Police Laboratory for chemical analysis, and the test results indicated that the substance was, in fact, marijuana.

It is contended that there is a total lack of evidence sufficient to establish that the appellant was in actual or constructive possession of marijuana. We do not agree.

Sheriff Mullen testified that he saw the appellant "stripping" the marijuana as he approached in his police car. Sheriff Mullen positively identified the substance held by the appellant as marijuana, and his expertise in this area was unchallenged by appellant at trial. This testimony is sufficient to establish actual possession. Furthermore, we are of the opinion that the circumstantial evidence sufficiently establishes that the appellant was in possession of the pile of marijuana which was found at the scene of the arrest and which was introduced into evidence at trial. In *Massiate* v. *State* (1963, Tex. Crim.), 365 S. W. 2d 802, possession was defined as the "care, management and control" over the item in question. In *Massiate*, the defendant had been arrested after having been

observed watering marijuana plants which were growing on land owned by the county. The defendant admitted that he had planted the marijuana some two months before. On appeal, his conviction for possession of marijuana was sustained, the court being satisfied that the defendant had exercised the necessary "care, management and control" over the marijuana to support a finding of possession. In the case at bar, it is not unreasonable to infer that the appellant and his cousin, using the two machetes, had cut the marijuana, and that they were interrupted by the Sheriff before they could place it in the plastic bags and leave the field. These facts, if inferred, are sufficient to sustain a finding that the appellant exercised the necessary care, management and control over the marijuana to constitute possession. Therefore, this Court concludes that the evidence is sufficient to sustain the conviction for illegal possession of marijuana.

Appellant lastly contends that State's Exhibits 2, 3, 4 and 5 were erroneously admitted into evidence. Exhibits 2 and 3 were plastic bags containing the marijuana found at the scene of the arrest. Exhibits 4 and 5 were envelopes containing samples of the contents of Exhibits 2 and 3 which were sent to the police laboratory for chemical analysis. Counsel for appellant argues that the contents of Exhibits 2 and 3 were not sufficiently connected with the appellant, and therefore, he contends, the Exhibits were inadmissible. Appellant also asserts that the contents of Exhibits 2 and 3 were not proven to have been unmixed with other containers of marijuana during storage.

In regard to appellant's first argument, it is well established law that a foundation must be laid connecting the evidence with the defendant before it is admissible at trial. See, *Dixon* v. *State* (1963), 243 Ind. 654, 189 N. E. 2d 715; *Smith* v. *State* (1961), 241 Ind. 598, 172 N. E. 2d 673. We have already determined that the pile of marijuana found at the scene of the arrest was in the possession of the appellant. The Sheriff testified that he seized the marijuana (from

the facts before us we justifiably infer that he placed it in the plastic bags found at the scene), and placed the bags in the trunk of the police car. Afterwards, he removed them from the trunk, tagged them for purposes of identification, and placed them in storage under lock and key. At trial, the Sheriff identified the bags as the ones seized at the time of appellant's arrest. This testimony established a foundation sufficient to connect the pile of marijuana found in appellant's possession with State's Exhibits 2 and 3 which were introduced at trial. Therefore, there was no error in regard to this matter.

Appellant's contention that it was not sufficiently shown that State's Exhibits 2 and 3 could not have been commingled or mixed with other containers of marijuana during the fifteen months of storage is also without merit. Appellant relies upon *Graham* v. *State* (1970), 253 Ind. 525, 255 N. E. 2d 652, where the Court stated:

> "Although research reveals no Indiana cases which recite the phrase 'chain of evidence' or 'chain of possession' there is little doubt that the rule of law it represents prevails in this state. Especially is this true in the case of offenses such as the one before us where narcotics are involved. The danger of *tampering, loss, or mistake* with respect to an exhibit is greatest where the exhibit is small and is one which has physical characteristics fungible in nature and similar in form to substances familiar to people in their daily lives. The white powder in this case could have been heroin, or it could have been for example, baking powder, powdered sugar, or even powdered milk. The burden on the state in seeking to admit such evidence is clear. Unless the state can show by producing records or testimony, the continuous whereabouts of the exhibit at least between the time it came into their possession until it was laboratory tested to determine its composition, testimony of the state as to the laboratory's findings is inadmissible." 253 Ind. at 531, 255 N. E. 2d at 655.

The *Graham* case involved a break in the chain of possession of the evidence which was heroin. In the case at bar, the Sheriff was in possession of State's Exhibits 2 and 3 at all

times. The Sheriff possessed the only key to the storage room, and, with one exception, he was present everytime it was entered. The one time he was absent, Officer Richcreek of the Indiana State Police was present, and Richcreek testified that the bags were neither removed from the storage room nor tampered with during this incident. Also, the samples of marijuana, State's Exhibits 4 and 5, were kept in the property room at the State Police Laboratory until the time of trial. Appellant, however, places great emphasis on the fact that the Sheriff testified that he cut some holes in the plastic bags (Exhibits 2 and 3) to allow the contents to dry, and thus prevent the marijuana from rotting. Since it is possible that a foreign substance, including marijuana from other containers, may have fallen into the plastic bags, the appellant argues that this amounts to sufficient tampering or mutilation to render the exhibits inadmissible. Similarly, he contends that the possibility that the containers were commingled destroys the reliability of the samples taken from the bags and thus renders Exhibits 4 and 5, as well as the laboratory test results, inadmissible.

This Court is of the opinion that the Sheriff's decision to cut the holes in the plastic containers does not constitute "tampering" within the meaning of that term as used in the *Graham* decision. The Sheriff's action was a reasonable and necessary precaution taken to prevent the possible destruction of evidence. The possibility that the contents of the bags may have become commingled with foreign matter is so remote that it scarcely deserves serious consideration. In *Guthrie* v. *State* (1970), 254 Ind. 356, 260 N. E. 2d 579, this Court determined that the burden on the State to negate the possibilities of tampering may be greater in some cases than in others. Under the facts present in the case at bar, we are of the opinion that the State has sufficiently met its burden. There was no error committed in admitting State's Exhibits 2, 3, 4 and 5, or in admitting the results of the labo-

ratory tests taken on the samples of the marijuana contained in the latter two exhibits.

For all of the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 486.