295 N.E.2d 832 (1973)
Robert L. ANDERSON and Janet L. Anderson, Appellants (Defendants below),
v.
STATE of Indiana, Appellee (Plaintiff below).
No. 1-1172A96.
Court of Appeals of Indiana, First District.
May 16, 1973.
Rehearing Denied June 18, 1973.
*833 James R. Cotner, Bloomington, for appellants.
Theodore L. Sendak, Atty. Gen., Robert A. Zaban, Deputy Atty. Gen., for appellee.
LYBROOK, Judge.
Defendants-appellants (the Andersons) were convicted by jury of Theft. They appeal, alleging two errors, each concerning sufficiency of the evidence.
The evidence shows that on June 28, 1972, about 11:30 P.M., the Andersons, Mildred Carman and Gerald Alexander entered a Bloomington supermarket. All four were Indianapolis residents and had traveled to Bloomington earlier that evening allegedly looking for a couple of night clubs they had heard about. Failing to locate the clubs, they stopped at the store to get something to eat on the way home.
Upon entering the store, the Andersons separated from the other couple and stopped in front of a display of electrical devices. Robert Anderson called an employee away from another location where he had been stocking some shelves nearer the front of the store. A conversation of several minutes ensued, concerning the appropriate adapter plug for the Andersons' recently acquired air-conditioner. Carman left and returned at least once during this conversation.
Alexander, in the meantime, was observed in the office at the front of the store by another employee. After pursuit by the stock crew, one employee grabbed and tore his shirt, causing $175.00 in one and five dollar bills to spill out on the floor, along with a 12-inch screwdriver he had "stuck through his pants."
Alexander was subdued, and while several employees sat upon him, awaiting the arrival of the police, the Andersons and Carman came to the front of the store, stopped, watched a moment and then "they just calmly walked out", contrary to several requests by the store employees to remain.
The three left in Alexander's Cadillac before the police arrived. They were apprehended at Martinsville shortly thereafter.
Contrary to Robert Anderson's statement that he had only been in Bloomington once several years before, another local supermarket manager testified that the Andersons had been seen the night before in his store, shortly before he discovered some money missing.
The Andersons contend that the evidence was insufficient to prove beyond a reasonable doubt that they aided and abetted Alexander in the theft.
When a conviction is based upon circumstantial evidence, as in this case, that evidence must be conclusive and so compelling as to exclude every reasonable *834 hypothesis of the assumption of the defendant's innocence. Easton v. State (1967), 248 Ind. 338, 228 N.E.2d 6.
The facts of this case, even when viewed in a light most favorable to the State, fall short of the requirements of Easton, supra.
While the State draws inferences from certain facts which point to guilt, the Andersons suggest other inferences from the same facts which include a reasonable hypothesis of innocence  negating the knowledge requirement necessary for conviction as accessories.
The State proved the Andersons' presence at the scene, their acquaintance with Alexander and their departure subsequent to the theft, which the State characterizes as flight. However, the State's allegation that the Andersons engaged the clerk in conversation to distract his attention from the front of the store, is not supported by the evidence.
The clerk testified that he could not see the office from where he had been working prior to being called by the Andersons. He also testified that the Andersons made no attempt to keep him from facing the front of the store. Other witnesses said there was no reason to suspect the Andersons because of their conduct and appearance while in the store.
This case fits into the pattern of Easton, supra, Spears v. State (1970), 253 Ind. 370, 254 N.E.2d 203, Seats v. State (1970), 254 Ind. 457, 260 N.E.2d 796, and Bond v. State (1971), Ind., 272 N.E.2d 460. In each of these cases the evidence produced inferences of suspicion of guilt; however, as was stated in Spears, supra:
"... this court does not deal in conjecture. Guilt must be proved beyond a reasonable doubt and no other standard of proof will be accepted. Where the evidence merely tends to support a conclusion of guilt it is not enough; such a conclusion must be supported by the evidence beyond a reasonable doubt. Gaddis v. State (1969), 253 Ind. 73, 251 N.E.2d 658. Manlove v. State (1968), 250 Ind. 70, 232 N.E.2d 874 [235 N.E.2d 62]."
Judgment reversed.
ROBERTSON, P.J., and LOWDERMILK, J., concur.