## WUKINA *v.* STATE OF INDIANA.

### [No. 23,754. Filed October 15, 1920.]

1. CRIMINAL LAW.—*Appeal.*—*Exception Not Relied On.*—*Refusal to Discharge Accused.*—Where the accused introduced evidence in his own behalf, no question is presented for review on appeal upon an exception taken to a ruling, made at the close of the evidence in chief for the state, refusing to discharge the accused. p. 536.

2. INTOXICATING LIQUORS. — *Unlawful Possession.* — *Prima Facie Case.*—*Explanation.*—In a prosecution under Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918, for a violation of §4 by keeping intoxicating liquor with the intent to sell, etc., in violation of law, where the trial was by the court, and the evidence sufficiently showed a *prima facie* case under §35 of the act, it was for the trial judge to say whether he believed the explanation offered in evidence by the accused and his wife for the purpose of overcoming such *prima facie* case. p. 537.

From Vigo Circuit Court; *John S. Jordan,* Special Judge.

Prosecution by the State of Indiana against Steve Wukina. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Blankenbaker & Owens* and *Gerdink & Gerdink,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

TOWNSEND, J.—Appellant was tried by the court and convicted of keeping intoxicating liquor with the

intent to sell, in violation of §4, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918. Questions arising under his motion for a new trial are two: (1) The court's refusal to discharge him at the close of the state's evidence in chief; (2) that the finding of the court is not sustained by sufficient evidence.

His first claim presents no question, because after the court's refusal to discharge him, he introduced evidence. If he desired to contest the sufficiency of the state's case in chief, he should have stood on his exception to that ruling of the court. His failure to do that leaves for our consideration only the sufficiency of the evidence to sustain the conviction. We need make only a brief summary of the evidence to determine this contention.

On June 21, 1919, the date charged in the affidavit, two police officers of the city of Terre Haute, authorized by search warrant, went to the home of appellant to search for intoxicating liquor. They found appellant's wife at home, and told her their mission. She told them that there was no intoxicating liquor about the premises. Thereupon they searched the four rooms of the house and then searched the cellar, access to which they gained by lifting a trapdoor in the floor of the back porch. They found no liquor in the rooms of the house, and found none in the cellar; but in going through the cellarway they discovered a hole leading under the porch. One of the officers crawled into this hole and discovered an opening in the wall underneath the house. He there found a large quantity of liquor stored in gunny sacks under the house, the bulk of which was in quart bottles. He also found a number of half-pint bottles hidden in the holes in the concrete blocks of which the foundation of the house was made.

Eighteen and three-fourths gallons of whisky and two quarts of gin were introduced in evidence, and identified as the liquor taken by the officers from this house.

Appellant had a place of business one-half block from his residence, where he sold soft drinks and some groceries, which place of business was attended by him, and when he worked in the mines was attended by his wife.

Both appellant and his wife claimed in their testimony in the trial of the case that this liquor was purchased for their own consumption in their home, the testimony of the wife being that she had been ill and that doctors had prescribed gin and whisky for her; that, pursuant to her request, her husband purchased from an unknown Italian nine cases of whisky and two quarts of gin, for which her husband paid $225; that this liquor had been delivered in gunny sacks to her husband; and that she had stored it away where the police officers found it.

Section 35 defines what shall be a *prima facie* case under §4 of the act *supra*. It was for the *nisi prius* court to say whether he believed the explanation offered by appellant and his wife. No question is here presented by the lack of evidence to sustain the material allegations of the charge; but it is one simply of conflicting evidence, or evidence sufficient to break down the *prima facie* case. The trial court took into consideration any contradictory statements made by appellant and his wife concerning this intoxicating liquor and their custody of it. The trial judge saw them upon the witness stand and observed their manner of testifying, whether fair and frank, or otherwise. He may well

have thought that the evidence introduced by the
appellant added to the *prima facie* case rather than
detracted therefrom.

The judgment of the trial court is affirmed.