LIPSCOMB *v.* STATE OF INDIANA.

[No. 569S125. Filed September 15, 1970.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged with the crime of armed robbery together with a co-defendant, Lige Williams. A trial by the court resulted in a judgment of guilty of both the defendants. The Appellant Lipscomb was sentenced to the Indiana State Prison for a period of ten to 25 years. The appellant requested appointment of pauper counsel to perfect this appeal. His co-defendant did not join in the appeal.

Appellant argues that the evidence is not sufficient to show that he participated in the robbery.

The evidence most favorable to the State of Indiana is as follows:

About 4:00 A.M. on December 14, 1968, the Appellant Lipscomb and Williams drove into the Clark Oil Station located at 501 West Morris Street in Indianapolis. The appellant ordered $2.00 worth of gasoline and paid for it. Both the appellant and Williams purchased cigarettes and each paid for his own cigarettes. They asked the attendant for matches and were told that he had none. At that time the appellant got into his automobile. Williams followed the attendant into the filling station and again asked him for matches. The attendant again stated he had none. At that time Williams placed his right hand in his pants pocket and told the attendant, "If you don't want to get killed, give me your money." The attendant gave him approximately $20, which was all of the money he had on his person at that time.

The attendant was able to obtain the license number from the automobile, which belonged to the appellant. With this information the police were able to apprehend both the appellant and Williams some 12 blocks from the station.

At the time of the apprehension the appellant had no money on his person. Williams had $27 in his billfold.

There is no evidence in the record that the appellant was in any position to hear the conversation between the service station attendant and Williams at the time the robbery took place. There is no evidence that any weapon was ever displayed by Williams or any action which would have made it obvious to appellant that Williams was robbing the attendant. There is no evidence that the appellant left the station in any haste or made any attempt to hide his identity. The mere presence of the appellant seated in his car at the station while Williams robbed the attendant inside the station office is insufficient in itself to prove participation. *Carey* v. *State* (1924), 194 Ind. 626, 144 N. E. 22; *Guetling* v. *State* (1926), 198 Ind. 718, 153 N. E. 765.

The State cites the case of *Cotton* v. *State* (1965), 247 Ind. 56, 211 N. E. 2d 158, for the proposition that the trier of fact may consider the presence of the appellant in connection with other circumstances in determining his guilt. We agree with this general principle of law. However, in the *Cotton* case the automobile was seen leaving the rear of a store at 3:40 A.M. with no headlights on. The officers turned on the red light on their patrol car and one of them stepped out in front of the defendant's car and attempted to halt it, but was almost struck by the moving car. The officers thereupon chased the defendants at a high rate of speed until the defendants lost control of their car and crashed into a telephone pole. A search of the automobile disclosed two television sets and a stand in the rear seat of the car. The appellant was riding on the passenger side of the front seat, one of his co-defendants was driving and another co-defendant riding with the stolen goods in the back seat. It was Appellant Cotton's contention that his mere presence was not proof of his participation in the crime. In that case there was ample evidence from which the trier of fact could determine that Cotton did in fact participate in the crime.

In the case at bar we find no such connecting evidence between the actions of Williams in committing the robbery and

any knowledge on the part of Lipscomb that the robbery was taking place, nor is there any evidence involving the arrest of the appellant that would indicate he had any knowledge even at that time that Williams had previously committed a robbery. Williams was still in sole possession of the money which he had taken in the robbery. Mere suspicion that appellant may have known of Williams' actions is not enough. There must be some evidence from which a reasonable inference could be drawn that appellant had knowledge of and participated in the commission of the crime. We find no such evidence in the record before us.

The trial court is, therefore, reversed and ordered to grant appellant's motion for new trial.

Hunter, C.J., Arterburn, DeBruler and Jackson, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 860.