MAURICE E. CAINE, ROBERT A. CAINE v. STATE OF INDIANA.

[No. 1-174A4.  Filed July 17, 1974.]

*John F. Davis,* of Evansville, *O. H. Roberts, Jr.,* of Evansville, for appellants.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Maurice and Robert Caine (defendant-appellants) are appealing their conviction of robbery (IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 [Burns 1956]). Two issues survive from their overruled motion to correct errors for this court's consideration. The first is whether certain evidence was obtained by an illegal search and seizure, therefore, improperly admitted as evidence. The second issue is whether sufficient evidence exists to sustain Robert's conviction. We affirm.

The evidence, viewed favorably for the State, is as follows: A man, identified as Maurice Caine at the trial, held up a liquor store at gunpoint taking three packs of Lucky Strike cigarettes, a fifth of Early Times bourbon, paper money, and some quarters. Maurice backed from the store and then ran. The clerk called the police and described the robber

as wearing a dark blue shirt over a light blue turtleneck shirt. While the police were investigating the clerk received two phone calls. She hung up on the first one, because the voice resembled that of the robber. The other call believed to be from the same person, said she should not have called the police.

A neighbor described to the police, an old tan Mercury with an unusually slanted back window which had pulled into an alley, backed into a parking place pointing the car toward an alley leading away from the liquor store. The witness saw a man run from the Liquor store and enter the Mercury. The car then drove away.

A bit later a police officer saw a car matching the Mercury and followed it to a motel. While the officer was talking to the driver, Maurice, Robert came out of a nearby phone booth. Two more police officers then arrived. One officer noticed a dark blue or black shirt sleeve protruding from under the front seat. When the shirt was pulled out a fifth of Early Times and about $12.00 in quarters were found. Three packs of Lucky Strikes were also found in the glove compartment. The cigarettes, whiskey and quarters were admitted as State's exhibits at the trial.

The Caines argue that the search of their automobile constituted an illegal search and seizure.

The neighbor's description of the Mercury gave the police probable cause to stop and search the vehicle. *Williams* v. *State* (1974), 261 Ind. 547, 307 N.E.2d 457. Additionally, a warrantless vehicle search is proper if the officer has probable cause to believe stolen goods are in the vehicle. *Luckett* v. *State* (1972), 259 Ind. 174, 284 N.E.2d 738.

Here, the car was spotted within thirty minutes of the robbery. It was an unusual car whose description matched that given by the neighbor. Maurice fit the description of the robber given by the clerk. The robber wore a dark blue

shirt. A dark blue shirt was in plain view in the Mercury. The facts show probable cause for the search.

Neither are we persuaded that the evidence creates nothing more than a suspicion of Robert's guilt. Presence at the scene is but one factor to be considered in determining guilt. *Lipscomb* v. *State* (1970), 254 Ind. 642, 261 N.E.2d 860.

The jury heard other evidence from which Robert's aiding and abetting (IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 [Burns, 1956]) could be determined. His actions in parking the car at the liquor store would imply positioning the vehicle for a getaway. He saw his brother run to the vehicle after the robbery. He was in the phone booth at about the time the liquor store clerk received threatening phone calls. He was in possession, along with his brother, of the stolen property.

We are of the opinion the evidence was sufficient for the jury to conclude that Robert participated in the crime by aiding and abetting Maurice.

Judgment affirmed.

Lowdermilk and Lybrook, JJ. concur.

NOTE.—Reported at 313 N.E.2d 719.