DANNY LAMAR PACK, JAMES ALTON GRANTHAM AND EDDIE DEAN PACK *v.* STATE OF INDIANA.

[No. 1-474A77. Filed October 31, 1974. Rehearing denied December 11, 1974. Transfer denied October 28, 1975.]

*Thomas J. Lantz, Roger L. Pardieck, Montgomery, Elsner & Pardieck,* of Seymour, for appellants.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendants-appellants were charged by affidavit with committing a felony while armed with a danger-

ous weapon. Trial was had before a jury, with each of the appellants being found guilty of the lesser included offense of robbery. The appellants were sentenced pursuant to statute for a term of not less than ten nor more than twenty-five years. Appellants timely filed a motion to correct errors which was by the court overruled.

The evidence most favorable to the State is that on the evening of July 5, 1973, appellants Grantham and Danny Pack approached the ticket window at the Jerry Lewis Cinema in Seymour, Indiana, and demanded money at gunpoint from the cashier, Holly Hill. They took a cash box containing loose change, bills, and a roll of quarters, and fled around the building on foot. Grantham, Danny Pack and a third person fled the area at a high rate of speed in a red Maverick automobile. Shortly thereafter all three appellants were apprehended in the red Maverick in Columbus, Indiana. A roll of currency, a roll of quarters, and four .22 caliber live shells were recovered from the automobile, along with two .22 caliber live shells which were taken from the person of Eddie Pack.

Appellants were taken to the Columbus, Indiana, police station and a line up was staged approximately two hours after the robbery. Holly Hill identified Grantham and Danny Pack. No counsel for the appellants was present at the line up.

The first issue raised in this appeal is whether the trial court erred by admitting evidence concerning the line up. At trial Holly Hill and a policeman were permitted to testify concerning the line up held in Columbus and this evidence was admitted over the objection of the appellants. Holly Hill also made an in court identification of Grantham and Danny Pack as being the men who had robbed the Jerry Lewis Cinema. Appellants contend that the admission of evidence concerning the line up was improper and constituted reversible error due to the fact that no counsel was present at the line up.

The basis for this issue is the landmark case of *United States* v. *Wade* (1967), 388 U.S. 218, 87 S.Ct. 1926, wherein

the United States Supreme Court held that the Sixth Amendment guarantees of the right to counsel included any confrontation in a post-indictment line up situation. It was held that a post-indictment line up was a critical stage of the proceedings at which the accused was entitled to the aid of counsel. The evidentiary aspect of this rule was established in the case of *Gilbert* v. *California* (1967), 388 U.S. 263, 87 S.Ct. 1951, where the United States Supreme Court established a *per se* exclusionary rule as to evidence relating to any identification made at a post-indictment line up where the accused was not represented by counsel.

The United States Supreme Court was confronted with a situation similar to the one at bar in *Kirby* v. *Illinois* (1972), 406 U.S. 682, 92 S.Ct. 1877, where it was held that a line up held after the arrest but before the initiation of any adversary criminal proceedings did not entitle the accused as a matter of absolute right to counsel. This reasoning has been followed in Indiana in the cases of *Auer* v. *State* (1972), 154 Ind. App. 164, 289 N.E.2d 321 and *Snipes* v. *State* (1973), Ind. App., 298 N.E.2d 503. (Reversed on other grounds, 307 N.E.2d 470.)

The weight of authority in Indiana is that an accused has no absolute right to counsel at a post-arrest but pre-indictment line up. Judge Robertson of this court stated, in the case of *Smith* v. *State* (1974), 160 Ind. App. 622, 312 N.E.2d 896, 899, as follows:

"We are of the opinion that *Kirby* v. *Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), disposes of Smith's argument insofar as it pertains to the right to counsel during a confrontation with the victim prior to being formally charged with the crime. It does not presently exist under Federal or Indiana law. *See Kirby, supra; Snipes* v. *State* (1973), Ind. App., 298 N.E.2d 503."

In the case of *Daniels* v. *State* (1973), 160 Ind. App. 582, 312 N.E.2d 890, 893, it was stated:

"We first note that the pre-trial identification procedure complained of took place the morning after Daniels' arrest

and before formal charges had been made against him. Daniels asserts that he requested that counsel be present. It is clear that the lineup took place before the formal criminal process had begun and that therefore the right to counsel had not yet attached. . . ." (Cases cited omitted.)

Thus, under the authorities set out above, we hold that the evidence relating to the line up in the case at bar was admissible in the trial and no error was committed in its admission.

The second issue raised in this appeal concerns whether the trial court committed error when it admitted into evidence a roll of quarters, a roll of bills, and four .22 caliber shells which were found in the automobile occupied by the appellants and two .22 caliber shells found on the person of appellant Eddie Pack. The principal objection raised by appellants to these exhibits concerns their relevancy to the issues at trial. Appellants point out that the description of the roll of quarters found in the car is not the same as the description given by witnesses of the roll of quarters taken from the Jerry Lewis Cinema. The major discrepancy concerns the color of the rolls. Appellants contend that the roll of bills amounted only to sixteen or eighteen dollars, while over one hundred dollars in bills was taken in the robbery. It is appellants' position that the roll of quarters and the roll of bills were not relevant to prove that said money was that taken in the robbery.

Appellants argue that the .22 caliber shells were referred to at one point as rifle shells and thus were not relevant in this trial since the evidence showed that a pistol was used in the robbery.

The question of the admission of evidence is generally within the sound discretion of the trial court. In the case of *State* v. *Lee* (1949), 227 Ind. 25, 29, 30, 83 N.E.2d 778, our Supreme Court discussed the admissibility of evidence when the relevancy of the same had been questioned as follows:

". . . While offered evidence may be logically relevant, its admission must be subject to the primary test of its value in the particular case. Practical conditions do not permit the court to hear every matter that may be in any degree logically relevant to the issue, but require that matters received as evidence shall have a higher degree of probative force which may be termed legal relevancy or materiality. Offered evidence which does not measure up to this requirement may be properly rejected. The exclusion of evidence as not material either because too remote, too uncertain or too conjectural is a matter largely within the discretion of the trial court. . . ."

See, also, *Automobile Underwriters, Inc.* v. *Smith* (1960), 131 Ind. App. 454, 166 N.E.2d 341.

It is our opinion that the trial court did not abuse its discretion when it admitted into evidence the roll of quarters and the roll of bills. Although there was a discrepancy in the description of the roll of quarters and the roll of bills, such discrepancy as to the description would go to the weight to be given to the evidence by the trier of fact rather than to its admissibility. A roll of quarters and a roll of bills were taken during the robbery and the evidence introduced was logically relevant to that issue and was thereby admissible.

The testimony of one police officer was that the shells found in the car were .22 caliber short rifle shells. However, other testimony referred to these shells as "4 rifle shells, live" and ".22 caliber shells, live". A weapon was used in the robbery and said weapon was identified as being a pistol. Thus, one of the facts in dispute in this case was the existence of a pistol and live ammunition, while it would not be positive proof of the existence of a firearm, would be relevant to that issue. It was for the jury to decide the weight to be given to the shells which were introduced and the objection in the case at bar must go to the weight of the evidence rather than to its admissibility. *Cooper* v. *State* (1974), 261 Ind. 659, 309 N.E.2d 807.

It is our opinion that the trial court did not abuse its discretion when it allowed into evidence the roll of quarters, the roll of bills, and the .22 caliber shells.

The final issue in this appeal is whether there was sufficient evidence to support the verdict of the jury concerning Eddie Pack. There was absolutely no evidence that Eddie Pack participated directly in the robbery at the Jerry Lewis Cinema. Eddie Pack's conviction is apparently based primarily on the accessory statute. IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns 1956).

Appellant Eddie Pack contends that the evidence is insufficient to support his conviction. The evidence most favorable to the State reveals one witness allegedly placed Eddie Pack at the scene of the robbery. This witness was on the front porch of her residence approximately 300 feet away from the back of the Jerry Lewis Cinema. This witness testified that on the evening of the robbery she noticed two young men standing beside a red automobile behind the theater. The following question and answer constitute the only evidence that anyone was at the scene of the robbery aside from the appellants Danny Pack and James Grantham:

"Q. And you heard conversations between the same two boys that were outside the vehicle, is that correct?

A. Well, I may, well, it was, one of the boys outside talking to the driver of the car."

The testimony of the witness was that this conversation took place before the time of the robbery. The witness testified that she later saw the two boys run around the side of the theater, get in the red automobile and drive away at a high speed in a reckless manner.

It must be noted that the witness did not testify that any third person was present in the car at the time of the get away. In fact, there is no evidence that three persons were in the car following the robbery until the three appellants were apprehended in Columbus, Indiana, a short time later. It must

be remembered that the witness at no time identified the two young men who she saw at the side of the car as being the appellants herein.

The only evidence which would tend to connect Eddie Pack with the robbery is the fact that he was in the car when it was stopped in Columbus, Indiana. The evidence is conclusive that Eddie Pack was in the car but is equivocal as to who was driving the car.

In the case of *Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E.2d 231, 233, Justice Hunter discussed a situation similar to the one at bar as follows:

"This Court has stated many times that, upon review, we will not weigh the evidence nor determine the credibility of witnesses. Only the evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered on appeal. If there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. See, *Thomas* v. *State* (1971), [256] Ind. [309], 268 N.E.2d 609; *Tibbs* v. *State* (1970), [255] Ind. [309], 263 N.E.2d 728. The evidence in the case at bar is circumstantial, but we cannot say that, based on that evidence and the reasonable inferences to be drawn therefrom, the evidence is insufficient as a matter of law to convict Isaac. However, too many links are missing to allow the conviction of Blackmon to stand. A man was seen fitting his description talking to a man fitting Isaac's description a few minutes before the robbery but the man fitting Blackmon's description walked away and around the corner. He was not seen participating in the crime in any way. Blackmon was found riding in the car with Isaac but there was no showing that he had knowledge of the money in the trunk. It cannot be established that Blackmon was aware of the robbery or that he took an active part in the robbery in any way. A mere suspicion that he may have participated is not sufficient. In *Lipscomb* v. *State* (1970), [254] Ind. [642], 261 N.E.2d 860, two men drove into a service station and bought gasoline and cigarettes. One of the men, Lipscomb, returned to the car. The other man, Williams, followed the attendant into the station and robbed him of twenty dollars ($20.00). The attendant noted the license number of the car and the men were apprehended a short distance from the station. Lipscomb had no money

on his person when apprehended while Williams had twenty-seven dollars ($27.00). Both men were convicted of armed robbery but this Court reversed the conviction of Lipscomb based on insufficiency of the evidence. Speaking for a unanimous Court, Judge Givan stated:

'There is no evidence in the record that the appellant was in any position to hear the conversation between the service station attendant and Williams at the time the robbery took place. There is no evidence that any weapon was ever displayed by Williams or any action which would have made it obvious to appellant that Williams was robbing the attendant. There is no evidence that the appellant left the station in any haste or made any attempt to hide his identity. The mere presence of the appellant seated in his car at the station while Williams robbed the attendant inside the station office is insufficient in itself to prove participation.' [254] Ind. [644], 261 N.E.2d at 861.

Judge Givan went on to say:

'Mere suspicion that appellant may have known of Williams' actions is not enough. There must be some evidence from which a reasonable inference could be drawn that appellant had knowledge of and participated in the commission of the crime. We find no such evidence in the record before us.' [254] Ind. [645], 261 N.E.2d at 862.

See also, *Bond* v. *State* (1971), [257] Ind. [95], 272 N.E.2d 460. In the case at bar, mere suspicion is not enough and there is insufficient evidence from which it could be reasonably inferred that Blackmon knew of and participated in the crime beyond a reasonable doubt. Thus, the conviction of Blackmon must be reversed."

It is our opinion that the evidence in the case at bar is insufficient to support the conviction of Eddie Pack. The evidence is totally insufficient to reasonably place Eddie Pack at the scene of the robbery in Seymour, Indiana. The only evidence which would conceivably tie Eddie Pack to the robbery was the fact that he was in the car when it was stopped in Columbus, Indiana. It is our opinion that this evidence is not sufficient to support the conviction. *Phillips* v. *State* (1973), 260 Ind. 321, 295 N.E.2d 592; *Anderson* v. *State* (1973), 156 Ind. App. 265, 295 N.E.2d 832.

For the reasons set out hereinabove the judgment of the trial court as it relates to appellants Danny Lamar Pack and James Alton Grantham is affirmed. The judgment as it relates to appellant Eddie Dean Pack is hereby reversed and remanded for a new trial.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 317 N.E.2d 903.