WILLIAM R. CONARD *v.* STATE OF INDIANA

[No. 3-1175A260. Filed December 6, 1977.]

Lee J. Christakis, of Gary, for appellant.

Theodore L. Sendak, Attorney General, Wesley T. Wilson, Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant William Conard was convicted by a jury of the crime of robbery[1] and sentenced to a term of not less than ten nor more than twenty-five years. Conard timely filed a motion to correct errors, which was overruled by the trial court, and subsequently perfected this appeal.

The defendant presents two issues for consideration. In light of the determination that Conard's conviction is not supported by sufficient evidence, the issue concerning the admission of a "mug shot" photograph need not be discussed.

When questions concerning the sufficiency of evidence are presented on appeal, this court may consider only that evidence which is most favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. Further, it is not our function to weigh the evidence or determine the credibility of witnesses. Fletcher v. State (1976), 170 Ind. App. 263, 352 N.E.2d 517. It has been held that a conviction may be sustained upon circumstantial evidence alone so long as the evidence is of such probative value that a reasonable inference of guilt beyond a reasonable doubt may be drawn therefrom. Lisenko v. State (1976), 265 Ind. 488, 355 N.E.2d 841; Lewis v. State (1976), 169 Ind. App. 172, 346 N.E.2d 754. A conviction which rests in whole or in part upon such evidence will not be reversed unless this court can state as a matter of law that reasonable persons could not form inferences with regard to each material element of the offense so as to ascertain the defendant's guilt beyond a reasonable doubt. Guyton v. State (1973), 157 Ind. App. 59, 299 N.E.2d 233.

---

1. IC 1971, 35-13-4-6 (Burns Code Ed.).

The facts of record and the reasonable inferences therefrom most favorable to the appellee State establish that on the afternoon of January 18, 1975, two young men entered the A & B Grocery in Hammond, Indiana, selected several items, and brought them to the counter. Iva Meyers, the store clerk, computed the price and bagged the groceries. But instead of paying, one of the men handed a note to the clerk, pulled a gun from his pants, and said, "I hope you understand." The note read, "put the money in the sack." Mrs. Meyers complied, and the men walked out of the store unhurriedly. Through the nearby intercom, Mrs. Meyers informed the store owner, Gloria Smith, of the robbery.

Mrs. Smith, who resided above the store, had noticed a gold color Chevrolet parked some distance from the store entrance. A man was seated at the wheel. Shortly thereafter she learned of the robbery. She watched the men enter the car and copied the license number as the car departed. Meanwhile, her son telephoned the police. Gloria Smith testified that the man depicted in State's Exhibit No. 4, William Conard, was the same person she had seen sitting in the car on the day of the robbery.

While Henrietta Chapa walked through the grocery parking lot, she noticed a man walking toward a beige color car with its engine running. As she entered the store, two men departed in the direction of the beige color car. Miss Chapa identified the man pictured in State's Exhibit No. 4 as the man she had seen in the parking lot on January 18, 1975.

At the time of defendant's arrest on January 26, 1975, he was a passenger in a car which matched the description and license number given by Gloria Smith.

Conard was charged with robbery. Conviction on that charge requires proof by the State beyond a reasonable doubt that the defendant unlawfully took from the person of another an article of value by violence or putting in fear. IC 1971, 35-13-4-6 (Burns Code Ed.); *Vasco v. State* (1975), 163 Ind. App. 461, 324 N.E.2d 826. There is no evidence to indicate that the defendant was a principal in the robbery.

In Indiana, however, an accessory may be charged and tried as a principal. IC 1971, 35-1-29-1 (Burns Code Ed.). Mere presence at the scene of the crime does not establish the offense of being an accessory, nor does negative acquiescence. There must be some conduct of an affirmative nature on the part of the defendant. *Pruitt v. State* (1975), 166 Ind. App. 67, 333 N.E.2d 874. Yet, it is not necessary that Conard personally committed all of the acts of robbery. *Goodlow v. State* (1973), 260 Ind. 552, 297 N.E.2d 803. Furthermore, a jury may infer guilt from circumstantial evidence. *Hinderer v. State* (1975), 166 Ind. App. 351, 336 N.E.2d 401 (transfer denied); *Shank v. State* (1972), 154 Ind. App. 147, 289 N.E.2d 315.

In *Lipscomb v. State* (1970), 254 Ind. 642, 261 N.E.2d 860, two men drove to a service station and purchased gasoline and cigarettes. Lipscomb then returned to the car. However, his companion, Williams, followed the attendant into the station and robbed him of $20. Williams entered the car, and as it drove away, the attendant noted the license number. When apprehended a short distance from the station, Lipscomb had no money on his person, while Williams had $27. Both men were convicted of armed robbery, but our Supreme Court reversed the conviction of Lipscomb based on insufficiency of the evidence. Speaking for a unanimous court, Judge Givan stated:

> "There is no evidence in the record that the appellant was in any position to hear the conversation between the service station attendant and Williams at the time the robbery took place. There is no evidence that any weapon was ever displayed by Williams or any action which would have made it obvious to appellant that Williams was robbing the attendant. There is no evidence that the appellant left the station in any haste or made any attempt to hide his identity. The mere presence of the appellant seated in his car at the station while Williams robbed the attendant inside the station office is insufficient in itself to prove participation. *Carey v. State* (1924), 194 Ind. 626, 144 N.E. 22; *Guetling v. State* (1926), 198 Ind. 718, 153 N.E. 765." (254 Ind. at 644, 261 N.E.2d at 861.)

The court further stated:

> "In the case at bar we find no such connecting evidence between the actions of Williams in committing the robbery and

any knowledge on the part of Lipscomb that the robbery was taking place, nor is there any evidence involving the arrest of the appellant that would indicate he had any knowledge even at that time that Williams had previously committed a robbery. Williams was still in sole possession of the money which he had taken in the robbery. Mere suspicion that appellant may have known of Williams' actions is not enough. There must be some evidence from which a reasonable inference could be drawn that appellant had knowledge of and participated in the commission of the crime. We find no such evidence in the record before us." (254 Ind. at 644-45, 261 N.E.2d at 861-62.)

The case at bar is factually similar to the *Lipscomb* case. Conard was not in a position to observe the in-store actions of the robbers, and their casual stroll out of the grocery carrying a sack of groceries gave no indication of the robbery just completed. The two robbers entered the car, and Conard drove away unhurriedly. His presence at the scene is not sufficient to convict. His act of driving the "getaway" car, as in *Lipscomb*, is not sufficient to support a reasonable inference that he had knowledge of, and participated in, the commission of the robbery. Further, there is no evidence to connect the conduct of defendant's companions to any knowledge on Conard's part that a robbery was taking place. Even the evidence that the motor in the automobile was running while the pair were in the grocery provides no more than conjecture since the robbery occurred in Lake County in mid-January.

The entire factual record and reasonable inferences therefrom favorable to the conviction yield a suspicion that Conard may have known of the robbery. However, mere suspicion is not sufficient to support a criminal conviction. *Isaac; Blackmon v. State* (1971), 257 Ind. 319, 274 N.E.2d 231; *Lipscomb v. State, supra; Pack v. State* (1974), 162 Ind. App. 107, 317 N.E.2d 903.

Therefore, the judgment is hereby reversed and this case is remanded for a new trial.

Staton, P.J. and Garrard, J. concur.

NOTE — Reported at 369 N.E.2d 1090.