SMOOTHE LOUDEN *v.* STATE OF INDIANA

[No. 578S88. Filed December 6, 1978.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Gordon R. Medlicott,* Deputy Attorney General, for appellee.

GIVAN, C.J.—The appellant was convicted by jury of committing a robbery while armed with a deadly weapon and sentenced to serve a determinate term of 12 years in the Indiana State Women's Prison.

Appellant's sole allegation is that there was insufficient evidence presented at trial to sustain the verdict of guilty. When reviewing a sufficiency challenge we do not reweigh the evidence nor determine the credibility of witnesses. Rather, we consider the evidence most favorable to the State and will sustain the verdict if substantial evidence of probative value exists on each element of the crime charged. *Henderson v. State,* (1976) 264 Ind. 334, 343 N.E.2d 776; *Pulliam v. State,* (1976) 264 Ind. 381, 345 N.E.2d 229.

The record reveals that on June 10, 1977, two men entered a store in Indianapolis and robbed two clerks of approximately $45. The men were armed with what appeared to be a sawed-off shotgun. The victims were unable to identify the appellant as a participant in the robbery

but were able to describe the make and license number of the vehicle used by the robbers to flee. This car was found to belong to the appellant. One of the robbers, Steven Keets, testified for the State in return for a plea bargaining agreement. He testified that he, the appellant, a Joyce Woods and a Leo Watkins drove to the store and that Joyce Woods suggested that the two men rob the store. She handed Keets a sawed-off gun. He testified that the appellant stated that if he [Keets] did not go in the store, she would. The two men then robbed the store and all four fled in a vehicle driven by the appellant. The two men and Joyce Woods lay on the floor in the back seat and were ordered by the appellant to "just stay down on the floor and don't raise up." Keets testified that they drove back to Woods' apartment, ran upstairs and looked out the window to see if anyone had followed them. They divided the money into equal shares. The appellant received a $5 share. The appellant then suggested to Leo Watkins that he take the blame for the robbery because he was young and could afford to serve any time in prison.

Clearly, there was sufficient evidence to sustain a finding that a robbery had been committed with a deadly weapon. The victims had been robbed of $45 by two men armed with a sawed-off shotgun. Appellant argues however that the evidence was insufficient to establish that she had been a principal in the robbery. When one assists a principal in facilitating a crime, she may be charged and tried as a principal for that crime. IC 35-1-29-1 [Burns 1975]; *Coleman v. State*, (1976) 265 Ind. 357, 354 N.E.2d 232. Appellant maintains that the record is devoid of evidence that she was aware of the robbery before it occurred or that she intended to commit or aid and abet in the commission of a robbery. She argues that mere presence at the scene of a crime is insufficient to sustain a conviction for being an accessory before the fact. She cites *Lipscomb v. State*, (1970) 254 Ind. 642, 261 N.E.2d 860; *Conard v. State*, (1977) 175 Ind.App. 43, 369 N.E.2d 1090; *Pack v. State*, (1974) 162 Ind.App. 107, 317 N.E.2d 903 to support this position. In those cases, convictions were reversed when the record indicated that the appellant had only been an innocent and unknowing driver of a vehicle used by a robber to effectuate his escape. In the case at bar, the evidence most favorable to the State reflects a full and knowing participation by the appellant at all times.

We therefore affirm the judgment of the trial court.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE—Reported at 383 N.E.2d 281.