Arlie Ray SMITHERS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1-778A203.

Court of Appeals of Indiana,
First District.

Feb. 5, 1979.

Keith A. Dilworth, Public Defender, Richmond, for appellant.

Theodore L. Sendak, Atty. Gen., Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee.

LYBROOK, Presiding Judge.

Defendant-appellant Arlie Ray Smithers was charged by information with violating Ind.Code 35–13–4–6 (robbery statute, since repealed), found guilty by a jury, and sentenced to be imprisoned for not less than 10 nor more than 25 years. He appeals, raising two issues for review:

(1) Whether the trial court erred in overruling defendant's motion for judgment on the evidence at the conclusion of the State's case-in-chief.[1]

(2) Whether the verdict was contrary to law because: (a) there was insufficient evidence to support a finding that the defendant was present at the time and place the robbery occurred; and (b) there was insufficient evidence to support a finding that the defendant participated in the robbery.

We affirm.

Smithers candidly admits that, under present Indiana law, he has waived his first allegation of error because he introduced evidence in his case-in-chief after the trial court denied his motion for judgment on the evidence at the conclusion of the State's case-in-chief. *Hall v. State,* (1978) Ind., 378 N.E.2d 823. He urges us, however, to reevaluate and change the rule which he traces back to the decision in *Wukina v. State,* (1920) 189 Ind. 535, 128 N.E. 435.

We decline defendant's invitation to alter the present rule. Indeed, this court would find it difficult to do so even had we the desire in view of our Supreme Court's unequivocal position as stated in *Hall, supra,* and in numerous other decisions. Consequently, we find that Smithers has waived his first allegation of error.

The second issue in this appeal is whether there was sufficient evidence on two elements of the State's case to support the jury verdict. Defendant contends that the State's evidence is insufficient to prove that he was present at the time and place the crime occurred or to prove that he participated in the commission of a robbery.

In proposing a standard of review for our use in approaching this issue, defendant attempts to draw a distinction between convictions which rest on circumstantial evidence alone as opposed to convictions which rest on direct evidence alone or on a combination of direct and circumstantial evidence. Such a distinction, long argued and often discussed in contradictory language, was laid to rest by our Supreme Court in *Ruetz v. State,* (1978) Ind., 373 N.E.2d 152, at 156:

"Appellant next raises the question of the sufficiency of the evidence to support his conviction. The evidence in this case is circumstantial. However, we apply the same standard of review to this case as we do to all cases. We consider only that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. In doing so we neither weigh the evidence nor determine the credibility of witnesses. If there is then substantial evidence of probative value to support every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed.

\* \* \* \* \* \*

It is enough to recognize that our basic standard of review is the rule in all sufficiency questions, . . . Over the years, this process of deciding these questions has given rise to two well-established principles which are not in dispute. First, where there are two reasonable inferences arising from the circumstantial evidence in a case, one of guilt and another of innocence, it is not the duty or right of this court to reverse simply because we might believe the circumstances do not exclude every reasonable hypothesis of innocence. . . . Second, a reasonable inference of guilt, sufficient to base a conviction upon, must be more than a mere suspicion, conjecture, conclusion, guess, opportunity, or scintilla. . . . These two principles are simply different facets of the same basic review standard. They appear in different cases, . . . because differing fact situations lead this court to emphasize different facets of the standard. Thus the standard never changes, and individual cases decided un-

---

1. Defendant uses the phrase "motion for a directed verdict of acquittal"; we will use the phrase "motion for judgment on the evidence" from the new rules of procedure, Indiana Rules of Procedure, Trial Rule 50.

der the standard, . . . stand only upon the particular fact situations therein presented to this court."

Consequently, in considering whether there is sufficient evidence on the two elements at issue, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. We will not weigh the evidence nor judge the credibility of the witnesses. If we find substantial evidence of probative value to support every material element of the crime beyond a reasonable doubt, we will not disturb the verdict.

■ The defendant, who presented an alibi defense, correctly argues that the State was required to prove beyond a reasonable doubt that he was present at the time and place the crime occurred. *Scherer v. State,* (1917) 187 Ind. 15, 116 N.E. 52. Defendant incorrectly argues, however, that the State failed this burden.

The evidence showed that, on August 16, 1977, at approximately 2 p. m., Thomas Sparks entered the Webster General Store in Webster. He asked storeowner Jerry Pond for two cartons of cigarettes, handed Pond $10, put a pistol to Pond's head, forced him to lie on the floor, took Pond's wallet, grabbed the cigarettes and the $10, and ran from the store. Sparks entered the passenger side of an automobile located near the store. The driver was the only other occupant. The car and its occupants left the scene.

Pond and Robert Clay, a passerby, secured the license number and a complete description of the car. Defendant and Sparks had been arrested in nearby Richmond the day before while driving that car.

Clay and Emma Hawkins, a motorist who met and passed the car as it was leaving the scene, gave the police a description of the driver and identified Smithers in court. Clay said, "I believe that's him right there." Hawkins said, "That man looks like it could be him." They also identified a straw hat worn by Smithers when he was arrested approximately two hours after the robbery as being like the one worn by the driver.

We believe these in-court identifications are sufficient to establish beyond a reasonable doubt that Smithers was the driver of the car.

Defendant's final contention is that the evidence was insufficient to support a finding that he participated in the robbery. There was no evidence that Smithers participated directly in the robbery of the store. His conviction is apparently based on the accessory statute. Ind.Code 35–1–29–1, since repealed.

■ The mere presence of Smithers in the car at the store while Sparks robbed Pond inside the store, is insufficient in itself to prove participation. *Pack v. State,* (1974) 162 Ind.App. 107, 317 N.E.2d 903; *Lipscomb v. State,* (1970) 254 Ind. 642, 261 N.E.2d 860. The question then is what evidence beyond the mere presence of a person at the scene of a crime is sufficient to sustain a conviction under the accessory statute.

The Supreme Court in *Pace v. State,* (1967) 248 Ind. 146, 224 N.E.2d 312, at 313 said:

"The main question presented in the facts at bar is what evidence beyond the mere presence of a person at the scene of a crime is sufficient to sustain a connection as an accessory before the fact? This court has previously stated that negative acquiescence is not enough to constitute a person guilty of aiding and abetting the commission of a crime. *Mattingly v. State* (1952), 230 Ind. 431, 104 N.E.2d 721. Consequently, *this court has always looked for affirmative conduct either in the form of acts or words from which reasonable inferences of a common design or purpose to effect the commission of a crime might be drawn.* See *Sage v. State* (1890), 127 Ind. 15, 30, 26 N.E. 667; *Peats v. State* (1938), 213 Ind. 560, 574, 12 N.E.2d 270." (Emphasis added.)

The record shows the following evidence of "affirmative conduct" by Smithers. Hawkins testified, in part, as follows:

"Q. Will you please describe what happened as you approached your home?

A. As I turned off of Dobb's Street onto Webster Street I seen a man run out and get into a car that was moving upon the corner by the store, the door was opening on it and they came through the bridge right at me and I had to pull into my neighbor's yard to keep them from hitting me.

Q. How close did they come to you?

A. Well very close.

    \*      \*      \*      \*      \*      \*

Q. You say a man ran out of the store, did you see anything else going on at that time that attracted your attention?

A. Well the car was moving, that was what got me, the car was moving as he got into it.

    \*      \*      \*      \*      \*      \*

Q. Was the car in which the man jumped while it was moving, exiting the area quickly?

A. Yes.

Q. And you say it almost struck you?

A. Yes sir.

Q. And what did you have to do?

A. I had to pull over onto my neighbor's yard.

Q. And from what you've mentioned, the car left the area of the store, headed in your direction and you were eventually forced off the road?

A. Yes.

Q. Did they come over in your lane then?

A. Yes sir, I wouldn't run off the road if they hadn't.

    \*      \*      \*      \*      \*      \*

Q. About how close did that car come to you when it passed?

A. Well it was close to me. I had to get off the road to keep him from hitting me."

Defendant relies on *Conard v. State,* (1977) Ind.App., 369 N.E.2d 1090, in his argument that this evidence is insufficient. This reliance is ill-placed, however, because *Conard* can be distinguished on its facts. Conard was present in an automobile parked some distance from the entrance to a grocery store. The court, in reversing his conviction for robbery under the accessory statute, said, at 1093:

"Conard was not in a position to observe the in-store actions of the robbers, and their casual stroll out of the grocery carrying a sack of groceries gave no indication of the robbery just completed. The two robbers entered the car, and Conard drove away unhurriedly. His presence at the scene is not sufficient to convict."

Furthermore, no one ran out of the store in pursuit of the robbers.

In the case at bar, Sparks ran from the store with Pond giving chase. When Pond rushed out of the store, he was only 10 to 12 feet from the automobile, obviously in a position to be seen by Smithers. When Sparks jumped into the car, it was already moving and it left the area hurriedly, crossing into the oncoming traffic lane and forcing the Hawkins' automobile off the road. We conclude that this evidence is sufficient to support a reasonable inference of Smithers' participation in a common design or purpose to effect the commission of the robbery.

Affirmed.

LOWDERMILK and ROBERTSON, JJ., concur.